## LANGWORTHY v. CAMPBELL.

### *Appeal from Dubuque District Court — Monday, October 16.*

SHOWING TO SET ASIDE TRUSTEE'S SALE HELD INSUFFICIENT.

THE record develops this case. In June, 1857, plaintiff purchased of defendant two lots, situated in Dubuque, numbered 369 and 370, for $9,000, paying one-fourth down, the balance in three equal annual installments, secured by a deed of trust on said lots. Failing to pay the last note, the trustee was directed by defendant to sell the trust property, which he accordingly did, after giving due notice, on the 26th day of November, 1861, at the sum of $450, the defendant being the purchaser and highest bidder, to whom a deed of conveyance was regularly executed and delivered by the trustee, and possession taken. It is alleged that the property, at the time of the sale, was worth $3,000; that the sale took place at two o'clock P. M. on the day mentioned in the notice, and that no one was present at the sale but the trustee and the defendant's attorney; that the plaintiff appointed an agent to be present at the sale to protect his interest, who was prevented from reaching there in time, in consequence of a ruse alleged to have been practiced upon him by the defendant while on his way, whereby he lost the opportunity of being present, and of inducing other parties to bid, or of bidding himself, the value of said premises.

About the time steps were being taken to sell under the trust deed, the defendant commenced his suit on the bond secured by the same; and this suit was still pending after the sale. The plaintiff feeling that there was no fair sale of the premises by the trustee, commenced this suit in equity, setting up the above facts, and asking the court to restrain the prosecution of the suit at law, mentioned, until it shall be

ascertained that the real value of said property shall prove to be less than the whole amount of the claim sued.

All the material allegations of the bill were denied by the answer, and the injunction was refused. Afterwards, the suit still remaining upon the docket, by leave of the court, the prayer of the petition was amended, so as to change the object of the suit; namely, that the trustee's sale described therein should be set aside, and the defendant required to sell the property again for a fair and adequate price, or foreclose his deed of trust in court, &c. The cause was tried upon the bill, answer and the testimony of the trustee, defendant, and that of Solon M. Langworthy, and a decree rendered for the plaintiff, from which the defendant appeals.

*Mills & Son* for the appellant—*John L. Harvey* for the appellee.

Lowe, J. — Near three years elapsed, after the refusal of the injunction, before the plaintiff asked to amend his petition, so as to draw in question the regularity of the trustee sale, and to have the same set aside. If this delay, unexplained as it is, does not derogate much from the strength of the plaintiff's case, it at least gave him the most ample opportunity to furnish the evidence to support the allegations of his petition, which are very specifically and fully denied in the defendant's answer.

The only two allegations in the petition, upon which the prayer thereof is founded, are inadequacy of price for which the property was sold, and the wrongful acts of the defendant in preventing the plaintiff's agent, in attending the sale in order to protect, in some way, the property. The only testimony introduced to support these allegations, is an affidavit made by Solon M. Langworthy. In this, the witness does not say a word about the price or value of the trust property, or suggest any irregularity whatever, in the sale by the trustee. He states, that he was appointed by the plaintiff to negotiate a settlement, if practicable, with the defendant, and if not, to attend the sale and prevent a sacrifice of the property; that in going out upon the street he met the defendant, and informed him of his business and agency, and made propositions of settlement, which were entertained by defendant, and after being talked over some time, were suddenly rejected by him, and the witness started for the court house, met the trustee (Jennings), on the way, who informed him that the sale was over; that, but for the fact that defendant entertained his proposition of settlement, he would have been at the court house in time to prevent a sacrifice of the property, and he expressed a belief that the defendant knew that the sale was in progress at the time they were negotiating a settlement.

These facts, in their essential particulars, are flatly contradicted by the sworn statements of the defendant. But, if they had not been, it may well be doubted, whether they show such wrongful conduct, on the part of the defendant, as to justify the court in setting aside the sale of the property, by the trustee. The meeting of the parties on the street, was purely accidental; one had no better means of knowing that the sale was progressing, during their interview, than the other; both were alike cognizant of the fact, that the sale would take place at 2 o'clock P. M. Not to have listened to, and considered the propositions of settlement which Solon M. Langworthy, as agent, had to make in behalf of his brother, would have been uncivil; yet, his doing so, and finally rejecting them, is construed as an artifice to prevent Solon M. Langworthy from attending the sale in due time. The inference, we think, is far fetched and speculative. If trustee sales are to be superseded and declared ineffectual, upon grounds so light and trivial, they soon would be regarded of but little value. There is no suggestion in the affidavit made by Solon M. Langworthy, what he would or could have done, if he had reached the court house in time to attend the sale; whether he was prepared to bid more than the property sold for, or could have procured some one else to have done so, or that he intended to do something else to prevent the alleged sacrifice of the trust property. His whole statement is quite too vague and insufficient to form any safe opinion, in regard to the artifice complained of. But when, in addition to this, his statement is boldly denied by the defendant under oath, we are at a loss to conceive upon what ground the court below granted the relief asked; unless it should be upon some showing, or evidence not sent up with the record, and lest this should be so, in reversing the case, we will order the bill to be dismissed without prejudice.

Reversed.